THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00069-MR-WCM

| | |
|---|---|
| SHERION E. HERNDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement [Doc. 12] and the Defendant's Motion for Summary Judgement [Doc. 15].

**I.     BACKGROUND**

On July 27, 2015, the Plaintiff, Sherion Henderson ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act") and an application for supplemental security income under Title XVI of the Act, alleging in both applications an onset date of July 27, 2015. [Transcript ("T.") at 20]. The Plaintiff's claims were initially denied on September 29, 2015, and again denied upon reconsideration on January 27, 2016. [Id.]. On the Plaintiff's request, a hearing was held on

November 8, 2017, before an Administrative Law Judge ("ALJ"). [Id.]. On July 31, 2018, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 17].

On December 3, 2019, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

5

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since July 27, 2015, the alleged onset date, and that the Plaintiff meets the insured status requirements through December 31, 2018.[1] [T. at 23]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "hypertension with mild congestive heart failure; microcytic anemia, treated with iron; obstructive sleep apnea; obesity; and major depressive disorder." [Id.]. At step three, the ALJ

---

[1] Although not pertinent to this appeal, the correct date the Plaintiff was last insured is March 31, 2019. [T. at 238] [Doc. 13 at 3 n.1].

6

determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 23-24]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, had the RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: she can lift up to 10 pounds occasionally, stand and walk about 1 hour, and sit for up to 7 hours in an 8-hour work day, with normal breaks; she must never climb ladders, ropes, or scaffolds, but can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; she must avoid concentrated exposure to use of moving machinery and to unprotected heights; and her work is limited to simple, routine, and repetitive tasks involving only simple work-related decisions, and routine workplace changes.

[Id. at 28].

At step four, the ALJ identified the Plaintiff's past relevant work as a fast food manager. [Id. at 30]. The ALJ determined, however, that the Plaintiff "is unable to perform any past relevant work." [Id.]. At step five the ALJ concluded that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including charge account clerk, document preparer, and final assembler. [Id. at 31]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from July 27, 2015, the alleged onset date, through July 31, 2018, the date of the decision. [Id. at 31-32].

7

## V.   DISCUSSION[2]

As her only assignment of error, the Plaintiff alleges that the ALJ failed to account for the Plaintiff's moderate difficulties with concentration, persistence, or pace in the RFC. [Doc. 13 at 8-9].

At step three, the ALJ found that the Plaintiff's conditions cause her to have a moderate limitation in concentrating, persisting, or maintaining pace. [T. at 27]. The ALJ determined that the Plaintiff's RFC limited her to "simple, routine, and repetitive tasks, involving only simple work-related decisions, and routine workplace changes." [Id. at 28].

The Fourth Circuit has held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Because "the ability to perform simple tasks differs from the *ability to stay on task*," Mascio, 780 F.3d at 638 (emphasis added), an RFC limited to simple, routine tasks or unskilled work fails to adequately account for moderate limitations in concentration, persistence, and pace. In addition, "[t]his Court has previously concluded that an RFC limited to simple,

---
[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

routine tasks or unskilled work in a low stress or non-production environment, without more, also fails to adequately account for moderate limitations in concentration, persistence, and pace." Davis v. Saul, No. 3:18-cv-00367-MR, 2019 WL 4233553, at *3 (W.D.N.C. Sep. 5, 2019) (Reidinger, J.) (citing Williams v. Berryhill, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.)); Chesterfield v. Saul, No. 1:19-cv-00090-MR, 2020 WL 249453, at *3 (W.D.N.C. Jan. 14, 2020) (Reidinger, J.).

There is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). The ALJ may instead explain why a greater restriction to the RFC was not warranted or the limitations set in the RFC adequately account for the plaintiff's difficulties in concentration, persistence, and pace. See id. at 121-22; Mascio, 780 F.3d at 638 ("ALJ can explain why [a plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a [RFC] limitation.").

In formulating the Plaintiff's RFC and determining the Plaintiff's non-exertional limitations, the ALJ referenced three opinions from state agency phycological consultants. [T. at 29-30]. The two non-examining consultants concluded that despite the Plaintiff's moderate limitations in concentration,

9

persistence, or pace, the Plaintiff could "complete short, simple instructions, respond to routine changes, and complete a small variety of tasks at a semi-rapid pace." [Id. at 29]. In the RFC determination, the ALJ the limited the Plaintiff to "simple, routine, and repetitive tasks" and set additional limitations that the Plaintiff could only engage in "simple work-related decisions, and routine workplace changes." [Id. at 28].

The ALJ fails to explain how the restrictions to "simple work-related decisions, and routine workplace changes" account for any of the Plaintiff's moderate limitations in concentration, persistence, and pace. It is conceivable that those restrictions were intended to address the Plaintiff's limitations in concentration, persistence, or pace, however, the Court cannot trace the ALJ's reasoning on that point without an explanation. Shinaberry, 952 F.3d at 121-22; see also Kamplain v. Berryhill, No. 5:17-CV-00180-MR, 2019 WL 636987, at *4-5 (W.D.N.C. Feb. 14, 2019) (Reidinger, J.) (finding the ALJ erred by failing to explain how the RFC limitation that the plaintiff "'can use judgment and respond to changes in a work setting limited to simple work and simple work-related decisions'" related to or accounted for the plaintiff's moderate limitations in concentration, persistence, or pace); Williams, 2017 WL 927256, at *6 (remanding because the ALJ failed to explain a limiting term in the RFC or how that limitation accounted for the

Plaintiff's moderate difficulties in concentration, persistence, or pace). The ALJ also specifically referenced limitations regarding the Plaintiff's ability to maintain pace but did not incorporate a limitation regarding pace in the Plaintiff's RFC or explain why the limitation was unnecessary. Fletcher v. Berryhill, No. 3:17-cv-00516-RJC-DSC, 2018 WL 3873592, at *3 (W.D.N.C. Aug. 15, 2018) ("Infrequent changes in the work environment may account for Plaintiff's concentration and persistence, but it does not address pace.").

A reviewing court cannot be "left to guess about how the ALJ arrived at her conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). A remand is necessary under these circumstances so the ALJ can connect the dots between the Plaintiff's moderate impairment in concentration, persistence, or pace and the RFC.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. In assessing the Plaintiff's limitations on remand, the ALJ should explain how the RFC accounts for any of the Plaintiff's moderate

11

limitations in concentration, persistence, and pace. Mascio, 780 F.3d at 638; Shinaberry, 952 F.3d at 121-22.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED**, and that the Defendant's Motion for Summary Judgement [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Signed: February 22, 2021

Martin Reidinger
Chief United States District Judge